**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

ALEXANDER R. GIFFORD,

              *Plaintiff,*

CASE NO. 19-10257
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

*v.*

FEDERAL BUREAU OF INVESTIGATION,

              *Defendant.*

_____/

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

*Pro se* Plaintiff Alexander Gifford is back before the Court. This time, he is suing the Federal Bureau of Investigation (FBI), complaining that he was not rewarded for providing information leading to the capture of Joseph DeAngelo, the Golden State Killer, and that his car was damaged and his employment interfered with. (R. 1, PageID.5.) Because he proceeds *in forma pauperis* (IFP), (R. 6), the Court must screen his complaint to see if it fails to state a claim or is frivolous. 28 U.S.C. § 1915(e)(2)(B). For the reasons below, I conclude that Plaintiff's claims are outside this Court's jurisdiction, and thus they are frivolous. Therefore, I **RECOMMEND** that the case be *sua sponte* **DISMISSED**.

**II.    REPORT**

    **A.    FACTUAL BACKGROUND**

Plaintiff's *pro se* complaint against the FBI is sparse. His statement of the claim, in full, is as follows:

1

> I certify that I provided information that directly led to the capture of Joseph James DeAngelo (the Golden State Killer). I have a corroborating witness that will attest to the validity of this statement.
>
> Also, I assume for reasons of embarrassment, my vehicle was then damaged and my employment was disrupted for multiple years. Seven years of unemployment @ approx. $70,000/yr, resulting in $490,000 in loss [*sic*] wages.

(R. 1, PageID.5.) The only other relevant information in the complaint is that he seeks a total of $540,000 from the FBI, consisting of the $490,000 in lost wages and $50,000 in reward money. (R. 1, PageID.3.)[1]

## B. LEGAL BACKGROUND

Plaintiff is proceeding IFP, subjecting his claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Since 1892, federal courts have possessed statutory power to permit civil actions IFP. *See Bruce v. Samuels*, 136 S.Ct. 627, 629 (2016). That power, presently codified at 28 U.S.C. § 1915, is intended to ensure that indigent persons have equal access to the judicial system

---

[1] Plaintiff produced a burst of litigation this past fall. Before bringing the present suit, he sued the FBI in state court, alleging that he provided the information leading to the capture of the Golden State Killer sometime in 2005 or 2006. See Notice of Removal. (R.1) at PageID.5, *Gifford v. Fed. Bur. Investig.*, No. 18-12802 (E.D. Mich. Sept. 10, 2018). The FBI's failure to pay the $50,000 reward, he claimed, violated the preamble to the Declaration of Independence. *Id.* That case was removed to this Court and later voluntarily dismissed without prejudice. Order at PageID.28, *Gifford v. Fed. Bur. Investig.*, No. 18-12802 (E.D. Mich. Oct. 30, 2018). Because his claim was dismissed without prejudice, there was no ruling on the merits and hence *res judicata* does not bar him from raising it now. *See United States v. One Tract of Real Prop.*, 95 F.3d 422, 426 (6th Cir. 1996) (noting that "unlike a dismissal without prejudice, a dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and res judicata precludes further litigation"); 9 Wright & Miller, Fed. Prac. & Proc. § 2367 (3d ed.) (noting that a dismissal without prejudice "means that it effectively erases the dismissed action and permits the initiation of a second action").

Plaintiff also launched two lawsuits alleging that the government knew about the dangers posed by the Hurricane Maria for years before it struck, yet did nothing. *See* Compl. (R.1) at PageID.3-4, *Gifford v. Fed. Bur. Investig.*, No. 18-12490 (E.D. Mich. Oct. 9, 2018); Compl. (R.1) at PageID.4, *Gifford v. United States*, No. 18-13344 (E.D. Mich. Oct. 25, 2018). The first was voluntarily dismissed, Order at PageID.20, *Gifford v. Fed. Bur. Investig.*, No. 18-12490 (E.D. Mich. Oct. 9, 2018), and the second was deemed frivolous and dismissed, *Gifford v. United States*, No. 18-13344, 2019 WL 324655 (E.D. Mich. Jan. 25, 2019).

by allowing them to proceed without advancing the litigation fees and costs. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981).

Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To counteract these incentives, Congress crafted a screening procedure that requires the court to *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if

3

doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id.*

As noted, the IFP statute also requires screening frivolous claims. The Supreme Court has established that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[2] A complaint is also frivolous and can be dismissed if it provides no basis for federal jurisdiction. *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. 1999) ("Since there is no basis for federal jurisdiction apparent on the face of Carlock's complaint . . . the district court properly dismissed the action as frivolous and for lack of subject matter jurisdiction. *See* 28 U.S.C.A. § 1915(e)(2)(B)(i) (West 1998); Fed.R.Civ.P. 12(h)(3)."); *Humphries v. Various Fed. USINS Employees*, 164 F.3d 936, 941 (5th Cir. 1999) (citing caselaw for the proposition that a complaint is frivolous and can be dismissed on screening if the subject matter is outside the court's jurisdiction). In addition to the screening statute, *Carlock* also cited Fed.R.Civ.P. 12(h)(3), which states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

### C. ANALYSIS

For the reasons that follow, I conclude that Plaintiff's complaint is frivolous, and the Court lacks jurisdiction to hear the claims. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian*

---

[2] The Court also held that the frivolousness analysis differed from the "failure to state a claim" analysis—a complaint might not be frivolous because it raises an arguable question of law but still fail to state a claim. *Id.* When *Neitzke* was decided, the statute allowed screening of frivolous or malicious claims, but had not yet been amended to permit screening for failure to state a claim. 28 U.S.C. § 1915(d). That amendment came in 1996. See Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, Title VIII, § 804, 110 Stat. 1321 (April 26, 1996).

4

*Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The party seeking jurisdiction must overcome a presumption that none exists. *Id.*

Here, Plaintiff's attempt to premise subject-matter jurisdiction on diversity fails because the "United States is not a citizen for diversity purposes" and thus "U.S. agencies cannot be sued in diversity." *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993) (quoting *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703 (7th Cir. 1991)); *see also* 13E Wright & Miller, Fed. Prac. & Proc., § 3602 (3d ed.) (same). The FBI is a federal agency and therefore is not a citizen who can create diversity jurisdiction. Thus, Plaintiff's claims must be based on some other grant of jurisdiction. And, in addition, they must fall within a waiver of sovereign immunity, which shields the United States and its agencies from liability. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

To determine the Court's jurisdiction, I will examine the three claims Plaintiff's complaint appears to assert. The first, regarding the reward money, is contractual; the second, about his car, is tort-based; and the third, concerning his job, aims at stating a claim for tortious interference with a contract or an economic expectancy.

Plaintiff's first claim sounds in contract, as a contract can be created when an offer for a reward is accepted by furnishing requested information. *Genesee Co. v. Pailthorpe*, 224 N.W. 418, 418 (Mich. 1929) ("He who accepts the proposal and furnishes the necessary information thereby enters into a contract."); *see generally* 2 Williston on Contracts § 6:29 (4th ed.). The potential basis for federal jurisdiction is 28 U.S.C. § 1346, which confers on district courts jurisdiction over a "civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an

5

executive department, or upon any express or implied contract with the United States." But the Court of Federal Claims has exclusive jurisdiction over claims against the United States worth more than $10,000. *See Village of Oak v. State Bank & Trust Co.*, 539 F.3d 373, 378 (6th Cir. 2008). Consequently, a district court lacks jurisdiction over contract claims exceeding $10,000; such claims can be dismissed by the district court as frivolous on IFP screening. *Humphries*, 164 F.3d at 941. Here, Plaintiff seeks $50,000, well past the jurisdictional cap. Consequently, I conclude that the Court lacks authority to hear this claim.

Plaintiff's second two claims sound in tort. Under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), the Court has jurisdiction over claims alleging negligent or wrongful acts by government employees acting within the scope of employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." The sovereign immunity that would normally shield the United States from such claims is waived by the FTCA. *Singleton v. United States*, 277 F.3d 864, 872 (6th Cir. 2002), *overruled on other grounds as recog. by Hawver v. United States*, 808 F.3d 693, 693 (6th Cir. 2015); *see also* 14 Wright & Miller, Fed. Prac. & Proc., § 3658 (4th ed.) ("Section 1346(b) of Title 28 confers exclusive jurisdiction upon the federal district courts for suits within the scope of the Government's consent.").

When a claim is cognizable under § 1346(b)(1), the remedy that statute provides is exclusive and the claim lies only against the United States, not a federal agency, regardless of any other authority permitting the agency to sue or be sued in its own name. 28 U.S.C. § 2679(a). "Thus, if a suit is 'cognizable' under § 1346(b) of the FCTA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name[.]'" *F.D.I.C.*, 510 U.S. at 477.

"Cognizable" means "actionable" or capable of being brought within a jurisdiction. *Id.* at 476. Accordingly, a claim is cognizable under the FTCA—and comes within the jurisdiction granted by § 1346(b)(1)—if it is "actionable," and it is "actionable" if it alleges the elements listed in § 1346(b). *Id.* at 477.

Here, the pertinent element of § 1346(b) is the requirement that "the United States, if a private person, . . . be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674 ("United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances."). "[T]he test established by the Tort Claims Act for determining the United States' liability is whether a private person would be responsible for similar negligence under the laws of the State where the acts occurred." *Rayonier Inc. v. United States*, 352 U.S. 315, 318 (1957).

If an FTCA claim arises, the only proper defendant is the United States. *Mars v. Hanberry*, 752 F.2d 254, 255 (6th Cir. 1985). "Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990). Under this reasoning, the Seventh Circuit upheld the dismissal of an FTCA claim against the FBI:

> Under the Federal Tort Claims Act, a governmental agency cannot be sued in its own name; the action must be brought against the United States. Government agencies do not merge into a monolith; the United States is an altogether different party from either the F.B.I. or the Department of Justice.

*Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982); *see also McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006) (holding that an FTCA action cannot lie against the FBI, but only the United States); *Montgomery v. Comey*, 300 F. Supp. 3d 158, 171 (D. D.C. 2018) (holding

7

that the plaintiff's FTCA claim against the FBI must be dismissed for lack of subject-matter jurisdiction because the only proper party was the United States).

Thus, Plaintiff's claims are cognizable under the FTCA if they could subject a private individual to liability in the State where the act occurred. If so, the only proper party was the United States; Plaintiff's failure to name it as defendant deprives the Court of jurisdiction. *Allgeier*, 909 F.2d at 871. If not, then Plaintiff needed to establish some other basis for the Court's jurisdiction.

Would Plaintiff's claim regarding the vehicle expose a private individual to potential liability? Plaintiff is a resident of Michigan and, presumably, the acts occurred in that State. The issue, then, comes down to whether his claims are recognized by Michigan law. 28 U.S.C. § 1346(b)(1). I will also assume for the moment that the actions occurred within the scope of a government office or employment (more on that below).

His claim regarding the car is too opaque to determine whether it could be brought in Michigan. Most critically, no mention is made of how the vehicle was damaged—that information is important because Michigan has abolished many forms of tort liability for damages "arising from the ownership, maintenance, or use within this state of a motor vehicle." Mich. Comp. Laws § 500.3135(3).[3] Thus, it might not be cognizable under the FTCA, in which

---

[3] *See also Belcher v. Aetna Cas. & Surv. Co.*, 293 N.W.2d 594, 599 (Mich. 1980) ("Enactment of the Michigan No-Fault Insurance Act signalled a major departure from prior methods of obtaining reparation for injuries suffered in motor vehicle accidents. The Legislature modified the prior tort-based system of reparation by creating a comprehensive scheme of compensation designed to provide sure and speedy recovery of certain economic losses resulting from motor vehicle accidents. Under this system, losses are recovered without regard to the injured person's fault or negligence."). If the damages arose from a vehicle accident, then Plaintiff's claim likely is a matter for his insurance company, not the courts. But if damages fit some exception to the no-fault system, then perhaps a private actor could be liable. There is no way to know this, however, because the complaint does not say how the vehicle was damaged, when the damage occurred, or even who inflicted the damage. Thus, I cannot determine whether this claim is recognized in Michigan and would subject a private individual in the State to liability.

8

case, of course, the FTCA would not be the exclusive remedy (or any remedy whatever). *See* 28 U.S.C. § 2679(a); *F.D.I.C.*, 510 U.S. at 477.

Ultimately, however, it is irrelevant if this claim is cognizable because Plaintiff loses regardless. If it is, the Court would lack jurisdiction because Plaintiff has not named the proper defendant, the United States. *Allgeier*, 909 F.2d at 871. If it is not, Plaintiff would lose because the FTCA would not provide jurisdiction. 28 U.S.C. § 1346(b)(1); *see also* 14 Wright & Miller, Fed. Prac. & Proc. § 3658 (4th ed.) (noting that the "Government's liability under the FTCA depends upon the existence of a state cause of action imposing liability were the United States a private person," and that § 1346(b) gives jurisdiction only when the United States would be liable like a private individual). Moreover, the FTCA's waiver of sovereign immunity would likewise be inapplicable. *See F.D.I.C.*, 510 U.S. at 475. Without an FTCA claim, then, Plaintiff must demonstrate some other waiver of sovereign immunity and jurisdictional basis for suing the FBI. No such basis is apparent from the face of the complaint, and therefore the Court lacks subject matter jurisdiction and the claim is frivolous. *Carlock*, 1999 WL 454880, at *2.[4] Consequently, regardless of whether Plaintiff's vehicle claim is cognizable, the Court lacks jurisdiction.

---

[4] Assuming he could find some hook for bringing a State-based claim into federal court, and that the claim avoided the statutory abolishment of torts mentioned above, Plaintiff would still lose because he has failed to state a claim. He has not, for example, stated a negligence claim because he offers not plausible facts fitting the elements of a negligence claim, such as duty or breach. See *Koester v. VCA Animal Hosp.*, 624 N.W.2d 209, 211 (Mich. Ct. App. 2000) ("To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the defendant's breach of its duty was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages."). To the extent Plaintiff meant to raise an intentional-tort claim, he fails because he does not allege that the actor—whoever it was—acted with knowledge or intentional disregard of the danger of injuring the vehicle. See 2 Mich. Pl. & Pr. § 22:37 (2d ed.). Plaintiff only speculates that the unnamed actor was embarrassed.

9

Plaintiff's next allegation, that his "employment was disrupted for multiple years," (R. 1, PageID.5), is recognized in Michigan as a claim either for tortious interference with a contract or interference with an economic expectancy. (R. 1, PageID.5.) *See Health Call of Detroit v. Atrium Home & Health Care Servs., Inc.*, 706 N.W.2d 843, 848-849 (Mich. Ct. App. 2005) (interference with contract); *Geiling v. Wirt Fin. Servs., Inc.*, No. 14–11027, 2014 WL 8473822, *59 (E.D. Mich. Dec. 31, 2014) (interference with expectancy). Unfortunately for Plaintiff, this is not enough to make it cognizable under § 1346(b) because claims for "interference with contract rights" are excepted from the grant of jurisdiction in that statute. 28 U.S.C. § 2680(h). Therefore, no FTCA claim exists, and because no other basis for jurisdiction is apparent from the complaint, the Court lacks jurisdiction. *Carlock*, 1999 WL 454880, at *2. If the claim were for interference with an expectancy, and such a claim were not excepted under 28 U.S.C. § 2680(h), then it would be cognizable under the FTCA—but then the FTCA would be the exclusive remedy, and the United States would be the only proper defendant. Plaintiff's failure to bring this claim against the proper party would be a "fatal" jurisdictional defect requiring dismissal. *Allgeier*, 909 F.2d at 871.[5]

It must be recalled, however, that the FTCA analysis above assumes that the actions Plaintiff contests were within the scope of a government office or employment. 28 U.S.C. §

---

[5] Also, the FTCA requires exhaustion of administrative remedies. 28 U.S.C. § 2675(a). A plaintiff has two years to present the claim to the federal agency. 28 U.S.C. § 2401(b). Here, Plaintiff gives no indication that he has done so, and his FTCA claims thus could potentially be dismissed on this ground. *See Levin v. United States*, 568 U.S. 503, 507 (2013); *McCann v. Desvan*, No. 1:12 CV 01510, 2013 WL3489686, at *3 (N.D. Ohio July 10, 2013) (dismissing for lack of subject matter jurisdiction when the plaintiff failed to exhaust administrative remedies). However, the Supreme Court has held that § 2401(b)'s time limit is not jurisdictional. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1633 (2015). As such, because the case is at the screening stage, I rely on the jurisdictional arguments above, which as explained can render the claim frivolous and lead to *sua sponte* dismissal. *See generally Carlock*, 1999 WL 454880, at *2.

1346(b)(1). If they were not, then Plaintiff would need to find another basis for jurisdiction and waiver of sovereign immunity. Neither is apparent in the complaint. It cannot, for example, be read to bring a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), because it does not allege a plausible constitutional violation or specify that individual defendants caused the injuries. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Consequently, even if the FTCA does not apply, Plaintiff has failed to demonstrate the Court's jurisdiction and failed state any alternative claim. His complaint must be dismissed.

In short, I conclude that the Court lacks jurisdiction over Plaintiff's claims and that dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3).

### III. CONCLUSION

For these reasons, Plaintiff's claims are beyond this Court's jurisdiction and are consequently frivolous. I therefore recommend that his case be **DISMISSED**. *See Carlock*, 1999 WL 454880, at *2.

### IV. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 11, 2019      S/ PATRICIA T. MORRIS
                             Patricia T. Morris
                             United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Alexander Roy Gifford at 9873 County Road 489, Atlanta, MI 49709.

Date: February 11, 2019      By s/Kristen Castaneda
                             Case Manager