UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALEXANDER GIFFORD,

    Plaintiff,                                     Case No. 1:19-cv-10257

v.                                                   Honorable Thomas L. Ludington

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING COMPLAINT**

On January 25, 2019, Plaintiff filed a pro se complaint against the FBI claiming that he provided information leading to the capture of the Golden State Killer and seeking $540,000 in damages. The matter is subject to *sua sponte* screening under 28 U.S.C. § 1915(e)(2)(B) for frivolity or failure to state a claim. On January 31, 2019, pre-trial matters were referred to Magistrate Judge Patricia T. Morris. On February 11, 2019, Judge Morris issued a report, recommending that the Court dismiss Plaintiff's complaint for lack of jurisdiction and based on sovereign immunity. ECF No. 7.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*,

656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

**II**.

On February 25, 2019, Plaintiff post-marked his objections. Plaintiff does not contest Judge Morris's finding that his claims fail for want of jurisdiction and due to sovereign immunity but contends that "subject matter outweighs procedural perfection and correction is required." This is non-responsive to the report and recommendation.

**III**.

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 9, are **OVERRULED**.

It is further **ORDERED** that Judge Morris's report and recommendation, ECF No. 7, is **ADOPTED**.

It is further **ORDERED** that the complaint, ECF No. 1, is **DISMISSED** with prejudice.

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: March 11, 2019

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on **Alexander Roy Gifford,** 9873 County Road 489, Atlanta, MI 49709 by first class U.S. mail on March 11, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager